## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CAROL J. MOWRER,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Case No. CIV-06-528-KEW
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social             )
Security Administration,           )
                                    )
            Defendant.              )

## OPINION AND ORDER

Plaintiff Carol J. Mowrer (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 14, 1945 and was 61 years old at the time of the ALJ's decision.  She completed her education through the eighth grade and obtained training as a licensed practical nurse ("LPN").  Claimant has previously worked as an LPN.  Claimant alleges an inability to work beginning in November 1, 1994, due to back pain and a mental disability.

### Procedural History

On September 2, 2003, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.).*  Claimant's date of last insurance was December 31, 1999. Claimant's application for benefits was denied initially and upon

reconsideration.  On October 25, 2005, Claimant appeared at a hearing before ALJ C. Wayne Falkenstein.  By decision dated May 24, 2006, the ALJ found Claimant was not disabled at any time through the date of the decision.  On October 6, 2006, the Appeals Council denied Claimant's request for review.  Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation.  He determined that Claimant did not suffer from a severe impairment that significantly limited her ability to perform basic work-related activities.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to properly apply the Social Security Rulings to infer an onset date; and (2) failing to link substantial evidence to his credibility determination or discuss lay witness statements which were significantly probative on the question of the severity of Claimant's back condition.

## Consideration of Claimant's Onset Date

Claimant contends the ALJ failed to apply Social Security Ruling 83-20 in determining whether she was disabled before her date of last insurance.  Claimant, Defendant, and the ALJ all recognize the scant medical evidence concerning the severity of

Claimant's physical condition prior to 2001. This, of course, creates difficulties in this case because the determination of Claimant's onset date is typically dependent upon the existence of such medical evidence.

Claimant alleges that she injured her back in 1990. On May 15, 1990, Claimant underwent a CT scan which indicated Claimant suffered from mild bulging at L3-L4 without obliteration of the epidural fat next to the bulging disc and with no focal herniation. Claimant also experienced so mild bulging laterally at L4/L5 which produced some foraminal stenosis. Most of the bulging was observed at L5-S1, primarily on the right. (Tr. 266). Little evidence of the progression of Claimant's condition appears in the record until an MRI report generated January 8, 2004. This report indicated moderate dehydration and a 2 mm diffuse bulge at L3-L4 and marked dehydration/degeneration of the L4-L5 disc with a 2 to 3 mm right posterolateral disc protrusion. Degeneration was also found at the L5-S1 area with a mild disc bulge. (Tr. 265).

On February 22, 2005, Claimant underwent an additional MRI which was evaluated by Dr. Arvo Kanna. Dr. Kanna found a moderate loss of disc height and extensive type I degenerative endplate changes at L4-L5. A broad based posterior disc bulge with osteophytes and a right paracentral protrusion of disc appear to come in contact with the right L5 root in the lateral recess but compression of the nerve root was not documented. Dr. Kanna

reported a suggestion of slight L5 on S1 retrolesthesis with a small posterior disc bulge. (Tr. 279-280).

Recognizing the lack of evidence dating to the date of last insurance, the ALJ employed a medical expert to assist him. Dr. Herbert P. Reinhardt, a general internist, appeared and testified at the hearing. Dr. Reinhardt examined Claimant's medical records both before and after 1999, noting the lack of records before 1999. He testified Claimant's condition is one of progression rather than one of trauma. (Tr. 390). When asked if Claimant's condition dated back to 1999, he stated he could not tell, but that it is possible. Id. Dr. Reinhardt noted a lack of notes from the time of the 1990 CT scan which would indicate the reason it was ordered. (Tr. 392). He stated Claimant could have experienced pain as a result of her condition with possible nerve compression, but that the records were deficient in expressly demonstrating the existence of conditions which would give rise to such pain. (Tr. 393). Dr. Reinhardt also acknowledged Claimant reported withdrawal syndrome after 1999 from taking Darvocet as well as jerking spells, which Dr. Reinhardt stated could have been caused by a central nervous system lesion. (Tr. 393-394).

In his decision, the ALJ determined Claimant did not suffer from a severe impairment or combination of impairments which significantly limited her ability to perform basic work activities. Tr. 21). The ALJ found the only objective medical evidence from

6

before he date of last insurance came from Mercy Memorial Hospital and primarily concerned treatment for skin lesions. He also noted Claimant's treatment in 2001 through 2003 for panic disorder and post traumatic stress syndrome. Id.

With regard to Claimant's back condition, the ALJ found the records from 2004 and 2005 demonstrated mild disc bulges. He recited the opinion of Dr. Reinhardt that Claimant "did not have an impairment or combination of impairments that met or equaled a listed impairment before her alleged onset date of December 31, 1999." Id. Curiously, this Court reviewed Dr. Reinhardt's testimony and at no point was he asked such a question and he certainly did not offer an opinion as to whether Claimant's alleged impairments met a listing.

The ALJ concluded that Claimant "may have had some back pain during the adjudicated period [but] there is not documented medical testing to establish a severe impairment prior to her date of last insured." (Tr. 22). He also found "[a]s for opinion evidence, there is no medical evidence in the file regarding back problems before her date last insured." Id.

Claimant contends the ALJ should have considered "other evidence" as required by Soc. Sec. R. 83-20 in order to ascertain whether Claimant's onset date preceded her date last insured of December 31, 1999. Specifically, Claimant contends the ALJ should have considered the statements contained in the record from various

lay witnesses, attesting to the severity of Claimant's condition prior to her date last insured. For his part, Defendant contends Soc. Sec. R. 83-20 does not apply to this case because the ALJ never made the threshold finding of disability.

Defendant's position in this regard is impossible to defend. The ALJ in this case determined "[t]he claimant was not under a 'disability,' as defined in the Social Security Act, **at any time through December 31, 1999, the date last insured** (20 C.F.R. 404.1520(C))." (Tr. 22)(emphasis added by this Court). Under Defendant's interpretation of Soc. Sec. R. 83-20, the fact the ALJ made no determination of disability for the period after that date precludes Claimant from arguing an onset date during the insured period. Undoubtedly, if the ALJ had made a finding of disability during a period outside Claimant's date last insured, Defendant would have argued the finding was of no moment because it encompassed an irrelevant period for consideration. Nevertheless, even under Defendant's argument, the case should be remanded to Defendant for the purpose of the ALJ making a determination as to whether Claimant suffered from a disability after the expiration of her insured status.

Moreover, Soc. Sec. R. 83-20 specifically provides that, once a disability is determined, the ALJ is to consider the onset date alleged by the individual, the work history, and the medical evidence. In the case of a disability with a non-traumatic origin,

medical evidence is the "primary element" for determining the onset date. However, when the medical evidence is inadequate, such as in this case, the ALJ may infer the onset date. The ALJ first must employ a medical advisor, which the ALJ did in this case. Dr. Reinhardt's testimony was inconclusive in this case, but he did not eliminate the possibility that Claimant's condition was disabling at the date last insured. As noted previously, the ALJ mischaracterizes Dr. Reinhardt's opinion testimony in stating the physician found Claimant's back condition did not meet or equal a listing prior to December 31, 1999. Again, no such testimony exists in the record.

Soc. Sec. R. 83-20 also provides for an inference to be drawn from the testimony of lay witnesses in order to ascertain the onset date. Consideration of such testimony is appropriate when "reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available." Blea v. Barnhart, 466 F.3d 903, 915 (10th Cir. 2006) citing to Soc. Sec. R. 83-20. The record in this case contains four statements allegedly from persons with knowledge as to the severity of Claimant's condition before the expiration of her insured status. The ALJ did not consider these statements or failed to reference any such consideration of these "other sources" in his written decision. Consequently, this Court finds that, should the ALJ find Claimant to be disabled at

any time on remand, he should consider these statements in order to determine an onset date for her progressive back condition.

## Credibility Determination

Claimant also challenges the ALJ's linking of his credibility determination to substantial evidence in the record. Specifically, Claimant contends the ALJ was to consider the factors contained in Soc. Sec. R. 96-7p before rejecting Claimant's testimony.

In his decision, the ALJ finds "claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (Tr. 22). He appears to attribute this conclusion to the fact that "claimant did not provide and the agency was unable to obtain medical records" and that "[a]lthough she may have had some back pain during the adjudicated period there is no documented medical testing to establish a severe impairment prior to her date last insured." Id. As noted from this Court's interpretation of Soc. Sec. R. 83-20, this statement does not end the inquiry. The ALJ should have considered the lay testimony and other evidence in the record in evaluating Claimant's credibility in light of the dearth of medical evidence from the relevant period. The lack of objective medical tests is an insufficient basis for rejecting Claimant's testimony concerning the severity of pain from which she suffers. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

Additionally, the ALJ should have linked his findings to the

10

factors listed in Soc. Sec. R. 96-7p.  Mere boilerplate language consisting of a rejection of a claimant's credibility due to the lack of medical evidence is insufficient.  <u>Id</u>. at 678.  On remand, the ALJ shall evaluate the factors contained in the ruling and link his findings to specific evidence in the record.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 14th day of February, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE